United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60888
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARON KEITH SHANKLIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CR-55
--------------------

Before JOLLY, GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Baron Keith Shanklin challenges the denial of his motion to

suppress evidence seized pursuant to a search warrant.  He

pleaded guilty to possession with the intent to distribute 50

grams or more of cocaine base, but preserved his right to appeal

the denial of his suppression motion.  In reviewing the denial of

a motion to suppress evidence obtained pursuant to a search

warrant, we determine: (1) whether the good-faith exception to

the exclusionary rule applies; and (2) if not, whether probable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cause supported the warrant.  United States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999).

Shanklin avers that certain information was omitted from the affidavit upon which the warrant was issued.  Specifically, he contends that the issuing magistrate judge was not informed that the informant was a paid informant, that he had an extensive criminal history, and that he was a "probable drug user." Shanklin argues further that law enforcement officials failed to corroborate any of the information provided by the informant and that the issuing magistrate judge should have required such independent corroboration.

The affiant's confirmation and assertion that the informant was reliable and the detailed information the informant furnished provided the magistrate judge with a substantial basis for crediting the informant's statements.  See United States v. Laury, 985 F.2d 1293, 1312 (5th Cir. 1993); United States v. Marbury, 732 F.2d 390, 396-97 (5th Cir. 1984).  Because the totality of the circumstances established the informant's veracity and basis of knowledge, the district court did not err when it denied Shanklin's motion to suppress.

AFFIRMED.